01

02

03

04

05

06 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
07 AT SEATTLE

08 KELLY MARIE SCHURR,                    )    CASE NO. C12-6083-JLR-MAT
                                         )
09         Plaintiff,                     )
                                         )
10    v.                                  )    REPORT AND RECOMMENDATION
                                         )    RE: SOCIAL SECURITY DISABILITY
11 CAROLYN W. COLVIN, Acting              )    APPEAL
   Commissioner of Social Security,       )
12                                        )
           Defendant.                     )
13 _____ )

14        Plaintiff Kelly Marie Schurr proceeds through counsel in her appeal of a final decision

15 of the Commissioner of the Social Security Administration (Commissioner).    The

16 Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and

17 Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge

18 (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all

19 memoranda of record, the Court recommends that this matter be REVERSED and

20 REMANDED for further proceedings.

21 / / /

22 / / /

REPORT AND RECOMMENDATION
PAGE -1

01 **<u>FACTS AND PROCEDURAL HISTORY</u>**

02 Plaintiff was born on XXXX, 1979.[1]   She has a high school education and previously

03 worked as a hand packer.   (AR 34.)

04 Plaintiff filed an application for DIB and SSI on January 18, 2008, alleging disability

05 beginning July 9, 2007.   She is insured for DIB through September 30, 2012.   (AR 17.)

06 Plaintiff's application was denied at the initial level and on reconsideration.   Plaintiff timely

07 requested a hearing.

08 On February 11, 2010, a hearing was held by ALJ Larry Kennedy, taking testimony

09 from plaintiff and a vocational expert. (AR 43-82.)   On April 22, 2010, the ALJ issued a

10 decision finding plaintiff not disabled. (AR 113-29.)   Plaintiff timely appealed to the Appeals

11 Council, which remanded the case to the ALJ for rehearing.   (AR 130-33.)

12 On February 27, 2012, ALJ Verrell Dethloff held a second administrative hearing,

13 taking testimony from plaintiff and a medical expert.   (AR 83-108.)   On March 9, 2012, the

14 ALJ issued a decision finding plaintiff not disabled.   (AR 14-37.)

15 Plaintiff again timely appealed.   The Appeals Council denied plaintiff's request for

16 review on November 6, 2012 (AR 1-5), making the ALJ's decision the final decision of the

17 Commissioner.   Plaintiff appealed this final decision of the Commissioner to this Court.

18 **<u>JURISDICTION</u>**

19 The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

20 / / /

21 _____

22 1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE -2

01 **<u>DISCUSSION</u>**

02      The Commissioner follows a five-step sequential evaluation process for determining

03 whether a claimant is disabled.   *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).   At step one, it

04 must be determined whether the claimant is gainfully employed.   The ALJ found that,

05 although plaintiff had worked since the alleged onset date, the work activity did not rise to the

06 level of substantial gainful activity.   At step two, it must be determined whether a claimant

07 suffers from a severe impairment.   The ALJ found plaintiff's fibromyalgia severe.   Step three

08 asks whether a claimant's impairments meet or equal a listed impairment.   The ALJ found that

09 plaintiff's impairments did not meet or equal the criteria of a listed impairment.

10      If a claimant's impairments do not meet or equal a listing, the Commissioner must

11 assess residual functional capacity (RFC) and determine at step four whether the claimant has

12 demonstrated an inability to perform past relevant work.   The ALJ found plaintiff able to

13 perform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b), that is, able to lift

14 up to twenty pounds occasionally, lift and carry up to ten pounds frequently, walk/stand (with

15 normal breaks) for about six hours in an eight-hour day, and sit (with normal breaks) for about

16 six hours in an eight-hour day.   With that assessment, the ALJ found plaintiff able to perform

17 her past relevant work as a hand packer.

18      If a claimant demonstrates an inability to perform past relevant work, the burden shifts

19 to the Commissioner to demonstrate at step five that the claimant retains the capacity to make

20 an adjustment to work that exists in significant levels in the national economy.   Although the

21 ALJ found plaintiff not disabled at step four of the sequential evaluation, he also proceeded in

22 the alternative to step five, finding plaintiff not disabled using the Medical-Vocational

01  Guidelines as a framework.[2]

02      This Court's review of the ALJ's decision is limited to whether the decision is in

03  accordance with the law and the findings supported by substantial evidence in the record as a

04  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).   Substantial evidence means

05  more than a scintilla, but less than a preponderance; it means such relevant evidence as a

06  reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881

07  F.2d 747, 750 (9th Cir. 1989).   If there is more than one rational interpretation, one of which

08  supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

09  F.3d 947, 954 (9th Cir. 2002).

10      Plaintiff argues the ALJ improperly considered a lack of objective findings in

11  evaluating her disability from fibromyalgia.   She contends the ALJ did not give specific and

12  legitimate reasons for rejecting the opinions of treating physicians Judith Fleming, M.D., and

13  David Pong. M.D., and requests remand for further consideration of her RFC.   The

14  Commissioner argues that the ALJ's decision is supported by substantial evidence and should

15  be affirmed.

16              <u>Consideration of Fibromyalgia and Objective Evidence</u>

17      Preliminarily, plaintiff contends the ALJ erred by rejecting her testimony as well as

18  opinions from the treating physicians "based on the lack of objective findings in this

19  fibromyalgia case." (Dkt. 16 at 3.)  "Plaintiff argues that fibromyalgia is "a disease which

---

20      2 The Medical-Vocational Guidelines, commonly known as "the grids," present, in table form,
    a short-hand method for determining the availability and numbers of suitable jobs for claimants.   *See* 20
21  C.F.R. Pt. 404, Subpt. P, App 2.   Each grid presents various factors relevant to a claimant's ability to
    work, such as age, education, and work experience.   The purpose of the grids is to streamline the
22  administrative process and encourage uniform treatment of claims.  *Tackett v. Apfel*, 180 F.3d 1094,
    1101 (9th Cir. 1999.)

REPORT AND RECOMMENDATION
PAGE -4

01   eludes objective measurement." (*Id*. at 4.)  Therefore, plaintiff suggests, because she has

02   fibromyalgia, "she is not required to provide objective medical evidence to support her

03   complaints." (*Id*. at 5.)

04        As plaintiff acknowledges, the issued presented is not whether she has been diagnosed

05   with fibromyalgia.  The ALJ found she has this condition, and further found it severe at step

06   two of the sequential evaluation.  (AR 17.)  Rather, the issue presented is whether plaintiff is

07   disabled within the definition of the Social Security Act, that is, whether she is unable "to

08   engage in any substantial gainful activity by reason of any medically determinable physical or

09   mental impairment or combination of impairments that can be expected to result in death or that

10   has lasted or can be expected to last for a continuous period of not less than 12 months." 42

11   U.S.C. § 416(i)(1).  In this regard, "[t]he claimant bears the burden of proving that she is

12   disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (quoting *Johnson v. Shalala*,

13   60 F.3d 1428, 1432 (9th Cir. 1995)).

14        Here, plaintiff contends the ALJ did not give legally sufficient reasons for disregarding

15   the opinions of treating physician Judith Fleming, M.D. and David Pong, M.D.  She also

16   disputes the ALJ's reliance on a lack of objective findings in considering plaintiff's subjective

17   symptom testimony and the lay witness statements of two family members.

18        On the one hand, it is correct, as noted by the Commissioner, that the ALJ did not rely

19   solely on a lack of objective findings to evaluate the evidence.  For example, the ALJ

20   discounted the evidence in question as overly reliant on plaintiff's subjective pain complaints,

21   which the ALJ found not credible.  Furthermore, as conceded by plaintiff, it is correct that Dr.

22   Fleming's notes do not contain a great degree of detail or objective findings.

REPORT AND RECOMMENDATION
PAGE -5

01      On the other hand, plaintiff disputes the ALJ's reasoning that Dr. Fleming did not

02   provide any objective findings to support her conclusions, noting Dr. Fleming's observation of

03   plaintiff's response to painful stimulus and her fatigue.   Similarly, plaintiff cites Dr. Pong's

04   observations of her psychomotor slowing and fatigue, and lack of response to treatment.

05   Plaintiff also disputes the ALJ's assessment of her credibility, arguing a lack of substantial

06   evidence support for the conclusion that she failed to follow treatment recommendations or

07   performed daily activities inconsistent with disability for any prolonged period.   She suggests

08   that her lack of a significant earnings record is explained by her age and relatively recent

09   graduation from high school.[3]

10      Although the credibility of plaintiff's testimony about symptoms and limitations due to

11   her impairments is closely connected to the ALJ's evaluation of the evidence, the Court agrees

12   with plaintiff that the ALJ's focus on a lack of objective findings to support disability was

13   misplaced, or, at least, insufficiently explained.   The ALJ cited a lack of "objective signs of

14   severe or debilitating pain such as weight loss, atrophy, muscle loss, or any neurological or

15   rheumatological findings[,]" as a reason to discount her testimony, noting a normal neurology

16   examination in August 2007, normal lab findings in September 2007, and normal examinations

17   on January 16, 2008, November 5, 2008, and September 17, 2009. (AR 24-27.)   The ALJ

18   specifically discounted the opinions of Drs. Nixon, Fleming, and Kolbo because of a lack of

19   "objective findings to support their conclusion the claimant was totally disabled" and a lack of

20   evidence in the treatment records of these doctors "to support such a significant level of

21

22      3 If, as plaintiff indicates, she did not graduate high school until 2001 (AR 284), the record does
     not explain why she was enrolled in high school through the age of twenty one.

REPORT AND RECOMMENDATION
PAGE -6

01  limitations."  (AR 30-31.)  The ALJ's assessment of the statements from plaintiff's mother

02  and from her husband relied, in part, on the fact that "any limitations they did observe are

03  unsupported by the objective record," emphasizing that "[t]he cumulative effect of lay witness

04  observations cannot be an allowance of disability benefits where the objective medical record

05  does not warrant it."  (AR 32.)

06         The gravamen of the Commissioner's argument is that if, in fact, fibromyalgia is a

07  disease that eludes objective measurement, then the credibility of plaintiff's subjective

08  allegations become even more central, and evidence that relies primarily on those allegations is

09  particularly subject to question.  Ultimately, the point may be correct.  Here, however, the

10  ALJ relied strongly on the lack of objective findings to support not only the existence of

11  fibromyalgia, but also to support any resulting disability therefrom.  The Court finds a lack of

12  competent evidence in the record that would establish what these findings should be.  While

13  the ALJ questions the lack of weight loss, atrophy, muscle loss, or any neurological or

14  rheumatological findings (AR 24), no doctor has opined that such findings are actually

15  indicative of disabling fibromyalgia pain.  *See*, *e.g.*, *Rohan v. Chater*, 98 F.3d 966, 970 (7th

16  Cir. 1996) (". . . ALJs must not succumb to the temptation to play doctor and make their own

17  independent medical findings.").  The Court finds it necessary to remand this case to require

18  the ALJ to explain his reliance on a lack of "objective medical evidence" to support plaintiff's

19  claim of disability.

20         Plaintiff also takes issue with the fact that the ALJ's assessment of her functional

21  capacity is not consistent with any physician of record.  However, "there is no requirement in

22  the regulations for a direct correspondence between an RFC finding and a specific medical

REPORT AND RECOMMENDATION
PAGE -7

01  opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th

02  Cir. 2012).   Indeed, opinions on issues that are reserved to the Commissioner, such as RFC or

03  ability to perform work, are never entitled to controlling weight or special significance.

04  Otherwise, the medical source would have the authority to make the determination or decision

05  about whether an individual is under a disability, in abdication of the Commissioner's statutory

06  responsibility to determine whether an individual is disabled. 20 C.F.R. § 404.1527(e) and §

07  416.927(e).  *See also* Social Securing Ruling 96-5p.

08  **CONCLUSION**

09      For the reasons set forth above, this matter should be REMANDED for further

10  administrative proceedings.

11      DATED this 22nd day of July, 2013.

12

13  Mary Alice Theiler
    United States Magistrate Judge